CONLON v. MINOR et al.

(Supreme Court, Appellate Division, Second Department. September 29, 1904.)

1. MORTGAGES—EXECUTION—COLLATERAL—EVIDENCE. ·
    In a suit to foreclose a mortgage, evidence *held* to warrant a finding
    that the mortgage was executed and delivered to secure the mortgagee
    from loss under the agreement of a member of a firm handling the mort-
    gagee's funds that the firm would be responsible to her for certain of her
    money loaned by it to others on a second mortgage, for which the firm
    received commissions.

Appeal from Special Term, Kings County.
Action by Kittie Conlon, as executrix, etc., of the estate of Mary
Conlon, deceased, against Gilbert W. Minor and another. From
a judgment in favor of plaintiff, defendants appeal. Affirmed.
    See 88 N. Y. Supp. 224.
    Argued before HIRSCHBERG, P. J., and BARTLETT,
WOODWARD, JENKS, and HOOKER, JJ.

    William L. Snyder, for appellants.
    Warren Leslie, for respondent.

WOODWARD, J. The complaint in this action sets out that
the defendants, for the purpose of securing to the said Mary Conlon
the sum of $6,000, executed and delivered the mortgage in ques-
tion to her on the 23d day of October, 1901, and the defendants
deny that the mortgage in question was ever delivered to her, and

also that it was executed and delivered for the purpose of securing to her the sum of $6,000, or any other sum whatever. The trial resulted in a judgment in favor of the plaintiff, directing the sale of the premises, and subrogating the defendants to certain rights in securities held by the plaintiff. The defendants appeal.

It appears from the evidence that one O'Gorman had represented Mary Conlon in making certain loans under an agreement that the said O'Gorman would protect her against loss. Subsequently O'Gorman turned over his business to one Leslie, and the latter entered into a partnership with Gilbert W. Minor and one Bliss, under the firm name of Leslie, Minor & Bliss, for the practice of law. The firm appears to have been engaged in making real estate loans, and to this end it had a trust account in one of the banks, and in this fund Mary Conlon had $6,000. Mr. Minor had an opportunity to make a second mortgage loan, and after a conversation with Mr. Minor, in which the latter agreed to protect Mary Conlon against loss, Mr. Leslie went to the latter, and represented to her that the firm of Leslie, Minor & Bliss would transact her business on the same basis as Judge O'Gorman had done, guarantying her against loss; and with this understanding Mary Conlon authorized the loan of her money upon the mortgages which Mr. Minor's client held, the firm getting $900 in commissions on the same. Subsequently the first mortgages on the property covered by these mortgages were foreclosed, and the property was sold under foreclosure proceedings, and after some intermediate transactions Mr. Minor gave the mortgage in suit to Mr. Leslie for Mary Conlon, with a request that it be not immediately recorded. Later the mortgage was recorded, when it was found that it was not a second, but a later, mortgage. Mr. Minor secured some of the firm's money, and, it may be inferred, discharged the lien prior to the mortgage in suit. Mary Conlon does not appear to have made any effort to realize upon the bond which accompanied the original mortgage on which the loan was made, and the judgment subrogates the defendants to her rights in that bond, and decrees the sale of the premises to satisfy the indebtedness of Mary Conlon. The case is complicated by various transactions, but the evidence is strong in support of the equities of Mary Conlon, and we are of opinion that the mortgage in suit was made, executed, and delivered for the purpose of securing the said Mary Conlon from loss under the agreement of Mr. Leslie that the firm would be responsible to her for her money. The firm had the benefit of the commissions, and Mr. Minor undoubtedly gave this mortgage under his agreement with Mr. Leslie that he would take care that Mary Conlon suffered no loss.

We have examined the exceptions, and find none of consequence, and we concur in the conclusion reached by the learned court at Special Term.

The judgment appealed from should be affirmed, with costs. All concur.